Hyman, C. J.
A motion has been made to dismiss the appeal, because the District Judge has not made the appeal by his order of appeal returnable to this court at any time.
The act to organize the Supreme Court, and to fix the terms thereof, approved March 13th, 1866, declares that no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity of the petition or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error or irregularity is imputed to the appellant; but in all cases, the Supreme Court shall grant a reasonable time to correct such errors or irregularities.
The law had not fixed the return-day for appeals from that parish, and . we think that the Judge should have fixed the day on which the appeal was to be returned to this court, but it does not appear that this irregularity of the order of appeal is imputable to tbe appellants.
The motion is overruled, and fit is decreed that the appellants have three days to have this irregularity in the order of appeal corrected.
HoweijL, J,
This suit is brought to recover the amount of several promissory notes, given for the price of real property, and to enforce the mortgage, executed to secure their payment, which the defendant? *255 assumed in a subsequent purchase of the same property from the makers of the notes. The defendants filed an exception to the right of the plaintiffs, who are separate third holders, to join in one suit, which was properly overruled, there not being inconsistent demands cumulated in one action. C. P. 149. They then answered, admitting the purchase of the property from the makers of the notes, and the assumption of the obligations as set forth in the act of sale, but aver that the consideration’ thereof has failed by reason of the emancipation of the slaves included in the sale, the full value of the land having been long since paid by .them; that they are not legally bound for the notes sued on; that the note held by the plaintiff, Brou, really belongs to his mother, the vendok of their vendors, and there being no privity of contract between the other plaintiffs and the defendants, the latter cannot be made liable on' the notes held by the former, because of said failure of consideration. They called in warranty their vendees of a part of the property. Judgment was rendered in favor of defendants, and plaintiffs appealed.
Pending the appeal, one of the defendants and the warrantors have gone into bankruptcy, and only one defendant, the Widow Becnel, is now before us.
There is nothing in the record to impugn the title of Seraphin Brou, to the note held by him.
The first question is, whether the plea of failure of consideration can. avail as against the plaintiffs, who are innocent third holders, without notice, and this involves the inquiry into the nature of the obligation contracted by the defendants.
Not having put their names to the notes sued on, they are not bound by the law merchant, but solely upon their assumpsit of the notes and mortgage as a part of the price of the property, of which they became ’ joint owners, and their obligation for its value or price was commensurate therewith. Solidarity is never presumed, and there is nothing in the contract which fixes upon them a solidary obligation. Their assuming,,, to pay in the place and stead of their vendors, who are bound in solido as makers and endorsers of the notes, does not make them liable thereon in^ the same manner. They are to pay the notes instead of their vendors, but under the obligation assumed by them as joint owners of immovable property.
It follows, we think, that the defendants, not being bound in solido, as parties to the notes in favor of plaintiffs, but as purchasers in a contract: of sale, the plaintiffs cannot avail themselves of the exceptional and favored character of holders of mercantile paper as against the defendants, who only owe them the price of property, of a part of which they say they have been dispossessed, and for which they are not liable,, because contracts for such property cannot be enforced.
Whatever may be the rights of the plaintiffs against the parties to the notes, we think their rights against the defendants grow out, of the contract of sale between the latter and their vendors, which contains a stipulation in their favor, which they are now seeking to enforce. But in doing this, they may be met by equities on the part of those who made the stipulation. The promise to pay the notes was a promise sub modo, & promise to pay go much as part of the price of a gale, and justly subject *256 to the defences incident to such a promise. See 9 A. 195. We would add that a mortgage, not being negotiable, is subject to all equities between the original parties, and the assignees thereof can have no greater rights than the mortgagee himself. 8 B. 435. 14 A. 587. This does not conflict with the pact de non alienando. The equities urged do not arise from any act of the mortgagors.
We conclude that Mrs. Becnel is bound personally for one-half of the notes sued on, and that she can oppose to the plaintiffs the plea of failure of consideration, as to both the personal and real obligation, but the evidence does not show the relative value of the slaves and the other property sold; and we think justice requires the remanding of the cause to ascertain this fact, and the amount, if any, for which she is liable, for property other than slave property.
It is therefore ordered that the judgment appealed from be reversed, and the cause remanded to the lower court, to be proceeded in for the purpose of ascertaining the relative value of the slaves, and the other property sold to defendants, and the amount, if any, for which defendant, Mrs. Becnel, is liable, for property other than slave property. Ousts of appeal to be paid by Mrs. Becnel.